IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 3 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00937-BNB

JOHN B. BOWRING,

      Applicant,

v.

KEVIN L. MILYARD, Warden SCF,
CHAPMAN, Warden KCCC (CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, John B. Bowring, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado. On June 7, 2011, Mr. Bowring, acting *pro*

*se*, submitted to the Court an Application for a Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis*.

In an order entered on June 23, 2011, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer

Response on June 27, 2011. Mr. Bowring filed a Reply on July 7, 2011.

The Court must construe the Application liberally because Mr. Bowring is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

## I.    Background

On June 29, 2003, after a jury trial, Mr. Bowring was convicted of one count of sexual assault on a child as a pattern of abuse and one count of aggravated incest. *See* Pre-Answer Resp. at Ex. 8, p. 12 (State Court Register of Actions). The trial court later sentenced him to thirty-two years in prison on each count, to run concurrently. Mr. Bowring filed a direct appeal, and on March 27, 1995, the Colorado Court of Appeals affirmed his convictions. *Id.* at 4. The Colorado Supreme Court denied certiorari review on September 28, 1995. *Id.*

On November 27, 1995, Mr. Bowring filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* The trial court denied the motion on November 29, 1995, and Mr. Bowring did not file an appeal. *Id.*

There was no activity in Mr. Bowring's state court criminal case between November 29, 1995, and July 31, 2000. *Id.* Beginning on August 1, 2000, and continuing until April 28, 2010, Mr. Bowring filed and litigated numerous post-conviction motions in his criminal case in the state courts. Because these motions are not relevant to the Court's analysis here, they have not been set out in detail.

Mr. Bowring filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on June 7, 2011. In the Application, Mr. Bowring asserts the following claims:

1. He was illegally prosecuted in the Eighth Judicial District because the District Attorney lacked jurisdiction;

2. The Eighth Judicial District lacked subject matter and personam jurisdiction to prosecute him;

3. The Colorado Revised Statutes fail on their face to comport with state constitutional requirements;

4. The habeas court erred by failing to conduct an evidentiary hearing;

5. The trial court erred by allowing the government and the trial to proceed under

the presumption of jurisdiction rather than the "legal fact" of jurisdiction;

6. The Colorado Revised Statutes are unconstitutional and do not operate on the Applicant; and

7. The mittimus is invalid.

Application at 11-14.

## II.    Second or Successive Application

As a preliminary matter, Respondents assert that the instant application should

be dismissed on the ground that it is a second or successive application.  Respondents

argue that "[i]n the late 1990s, it appears that Bowring attacked his Larimer County

conviction in a series of federal habeas corpus applications in Texas and Colorado.  In

1999, on the basis of the federal successive petitions rule, the Tenth Circuit denied . . .

a certificate of appealability as to [Bowring's] Colorado habeas corpus application."  Pre-

Answer Resp. at 3.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "amended habeas

corpus statutes [to] restrict the power of the federal courts to entertain second or

successive applications for writs of habeas corpus." *Spitznas v. Boone*, 464 F.3d

1213, 1215 (10th Cir. 2006); *see also* 28 U.S.C. § 2244(b). "Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to [the appellate court] for an order authorizing the district court to consider the petition." *Spitznas*, 464 F.3d at 1215; *see also* 28 U.S. § 2244(b)(3). If Mr. Bowring's § 2254 habeas petition constitutes a second or successive petition within the meaning of § 2244(b) because of his prior habeas actions, this Court lacks jurisdiction to consider his claims because Mr. Bowring does not allege that he has sought or obtained appellate-court authorization under § 2244(b). *See Berryhill v. Evans*, 466 F.3d 934, 937 (10th Cir. 2006); *Spitznas*, 464 F.3d at 1215.

Section 2244 does not define what constitutes a "second or successive" petition. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997). Nonetheless, "[c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *see also Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (collecting cases). The Supreme Court has applied pre-AEDPA "abuse-of-the-writ" standards and principles in determining whether a habeas petition is second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (stating that "[t]he phrase 'second or successive petition' is a term of art given substance in our prior habeas corpus cases); *see also Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (per curiam) (collecting cases from the Tenth Circuit).

"[T]he purpose of AEDPA's habeas restrictions . . . was 'primarily to preclude

prisoners from repeatedly attacking the validity of their convictions and sentences.'" *Crouch*, 251 F.3d at 724 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The Supreme Court has noted that a rigid construction of AEDPA wherein a habeas petitioner would be entitled to file only one petition and thereafter all claims would be subject to AEDPA's gate-keeping provisions even if he could not have received an adjudication of that claim in the initial petition would have "far reaching and seemingly perverse" implications. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998).

According to www.pacer.psc.uscourts.gov, on August 4, 1994, Mr. Bowring filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas (Texarkana) in Civil Case No. 95-cv-00095-DF. On October 20, 1995, according to the pacer docket entry, Mr. Bowring's action was dismissed without prejudice. Although the full text of the October 20, 1995, Order of Dismissal is not available through pacer, the Court has procured a copy of the Order from the Eastern District of Texas (Texarkana). The Order of Dismissal explains that "Petitioner brings this habeas corpus action against the Bowie County Detention Center seeking injunctive relief due to his transfer from Colorado to Texarkana." The Eastern District of Texas (Texarkana) noted that the action could be considered as both a habeas corpus action and a civil rights action, but dismissed the action without prejudice for Mr. Bowring's failure to exhaust "available state habeas corpus remedies on the habeas issues."

On April 17, 1998, Mr. Bowring filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court in Civil Case No. 98-cv-00868-WYD. He

filed an Amended Application on May 14, 1998. In the Amended Application, Mr.

Bowring again challenged his transfer by the DOC to the Bowie County Jail in

Texarkana, Texas, pursuant to the interstate agreement between Colorado and Texas.

He argued that the DOC executive director lacked authority to enter into the interstate

agreement. On August 17, 1998, District Judge Wiley Y. Daniel dismissed the action

because Mr. Bowring had no liberty interest under the United States Constitution in

remaining in the state in which he was convicted and sentenced. Mr. Bowring filed an

appeal. On February 16, 1999, the United States Court of Appeals for the Tenth Circuit

denied Mr. Bowring's request for a certificate of appealability. The Tenth Circuit found

the following:

> Bowring's arguments on appeal were or could have been raised in an
> earlier petition for writ of habeas corpus . . . filed in the United States
> District Court in Texas, which dismissed the charges on the merits. . . .
> Accordingly, we find that all of the issues Bowring raises in this appeal
> either have no merit and/or are barred by the doctrines of collateral
> estoppel and res judicata. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

*John B. Bowring v. Aristedes W. Zavaras, et al.*, No. 98-1357, 1999 WL 71702, at *1

(10th Cir. Feb. 16, 1999) (unpublished opinion).

Finally, on February 16, 2006, Mr. Bowring again filed an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. In that action, he alleged

that the state courts lacked jurisdiction to prosecute him. On May 16, 2006, Senior

Judge Zita L. Weinshienk, *sua sponte*, denied the application without prejudice for

failure to exhaust state court remedies. Mr. Bowring did not file an appeal.

Based on the above, the Court finds that two of Mr. Bowring's prior habeas

corpus actions (the 1995 Texas action and the 2006 Colorado action) were dismissed

without prejudice for failure to exhaust. The Supreme Court has held that:

> [N]one of our cases . . . have ever suggested that a prisoner whose
> habeas petition was dismissed for failure to exhaust state remedies, and
> who then did exhaust those remedies and returned to federal court, was
> by such action filing a successive petition. A court where such a petition
> was filed could adjudicate these claims under the same standard as would
> govern those made in any other first petition.

*Slack*, 529 U.S. at 487 (quoting *Stewart*, 523 U.S. at 644). Therefore, the Court finds

and concludes that neither of these actions would bar Mr. Bowring from filing a § 2254

action under the rule against second or successive petitions.

The 1998 Colorado action, where Mr. Bowring again challenged his transfer to

Texas, also does not appear to bar an adjudication on the merits of Mr. Bowring's §

2254 claims in the instant application. This is because Mr. Bowring's claims in the 1998

action could properly be characterized as claims challenging the execution of his

sentence brought pursuant to 28 U.S.C. § 2241 rather than claims brought pursuant to

28 U.S.C. § 2254. "Petitions under § 2241 are used to attack the execution of a

sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to

collaterally attack the validity of a conviction and sentence." *McIntosh v. United States*

*Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Tenth Circuit has held that a

§ 2241 petition is the proper procedural means for a state prisoner to challenge the

constitutionality of his placement in the prison system. *See Rael v. Williams*, 223 F.3d

1153, 1154 (10th Cir. 2000); *see also Montez*, 208 F.3d at 865 (finding that an attack

on where one's sentence will be served "seems to fit better under the rubric of § 2241").

Although Mr. Bowring characterized the 1998 action as brought under § 2254, it is clear

that the district judge did not construe this action as an attack on Mr. Bowring's

conviction and sentence. Instead, it appears that the judge liberally construed the Application as asserting either civil rights claims or claims challenging the execution of Mr. Bowring's sentence, which would properly be brought under § 2241.

Therefore, because Mr. Bowring's 1998 habeas application sought relief available only under § 2241, and not invalidation of his conviction and sentence pursuant to § 2254, any subsequent petition under § 2254 challenging his conviction is not a second or successive petition. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (per curiam) (holding § 2254 petition was not a second or successive petition where previous petition was properly characterized as a § 2241 petition); *Chambers v. United States*, 106 F.3d 472, 474 (2nd Cir. 1997) (holding that where a § 2255 motion follows a § 2241 petition, it is not a second or successive petition if the prior petition sought relief available only under § 2241); *Heckard v. Tafoya*, 214 Fed. Appx. 817, 822 (10th Cir. Jan. 30, 2007) (unpublished opinion) (holding that where a § 2254 motion follows a § 2241 petition, it is not second or successive if the prior petition sought relief available only under § 2241). The Court finds and concludes that the 1998 action also does not operate to bar Mr. Bowring from filing a § 2254 action under the rule against second or successive petitions.

Accordingly, based on the analysis set forth above, the Court finds and concludes that the instant § 2254 action is not a second or successive petition and the Court has jurisdiction to further consider the application.

II.    **Timeliness**

Respondents next argue that this action is barred by the one-year limitation

8

period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Bowring's criminal case became final. Because Mr. Bowring filed a direct appeal, his conviction became final ninety days after September 28, 1995, the date the Colorado Supreme Court denied certiorari review.

*See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Bowring's conviction became final on December 27, 1995. However, the Application, which was filed in 2011, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Where a conviction became final before AEDPA took effect, as is the case here, the limitations period for a federal habeas petition begins on AEDPA's effective date, April 24, 1996. *See id.* (citing *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998)). Therefore, even though Mr. Bowring's conviction became final on December 27, 1995, the limitations period did not begin running in his case until April 24, 1996. *See id.*

The Court must next determine whether any of Mr. Bowring's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Bowring's state court action between April 24, 1996, and July 31, 2000. *See* Pre-Answer Resp. at Ex. 8, p. 4. Accordingly, the limitation period began to run on April 24, 1996, and ran until it expired on April 24, 1997. Because the one-year limitation period expired before Mr. Bowring filed a motion for post-conviction relief on August 1, 2000, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Bowring did not file his habeas corpus application in this Court until June 7, 2011, more than fourteen years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2)

11

an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Bowring bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Bowring fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Bowring has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Bowring has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __13ᵗʰ__ day of ___September___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00937-BNB

John B Bowring
Prisoner No. 81518
Kit Carson Correctional Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk